## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| The Midwest Disability Initiative and Michael Ray Marchand,<br><br>Plaintiffs,<br><br>v.<br><br>GM Minneapolis LLC d/b/a Green Mill Restaurant and Bar,<br><br>Defendant. | Case No. 16-cv-0868 (MJD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Patrick W. Michenfelder, Throndset Michenfelder Law Office, LLC, One Central Avenue West, Suite 203, St. Michael, MN 55376, for The Midwest Disability Initiative and Michael Ray Marchand

Brian A. Wood and Connie I. Armstrong, Lind Jensen Sullivan & Peterson, PA, 901 Marquette Avenue South, Suite 1300, Minneapolis, MN 55402, for GM Minneapolis LLC d/b/a Green Mill Restaurant and Bar

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction [Doc. No. 5]. The matter has been referred to the undersigned for a Report and Recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a) [Doc. No. 8]. The Court held a hearing on this motion on June 24, 2016. For the reasons set forth below, the Court recommends denying Defendant's Motion to Dismiss.

I.      **The Complaint**

The Complaint sets forth the following allegations:  Plaintiff Midwest Disability

Initiative ("MDI") is a Minnesota nonprofit corporation, with a purpose of "holding

businesses that ignore the requirements of the ADA accountable."  (Compl. ¶ 8 [Doc. No.

1].)  Plaintiff Michael Ray Marchand is an above-the-knee amputee, who alternatively

uses a prosthesis, crutches, or a wheelchair.  (*Id.* at ¶ 9.)  Marchand resides in Minnesota.

(*Id.* at ¶ 11.)  Two of his daughters and five of his grandchildren live in the Twin Cities

metropolitan area.  (*Id.*)  He also has friends in the metropolitan area and receives

medical care in the area.  (*Id.*)  Marchand is a member of MDI.  (*Id.* at ¶ 12.)

In February 2016, Marchand visited the Uptown Green Mill, owned by Defendant

GM Minneapolis LLC d/b/a Green Mill Restaurant and Bar.  (*Id.* at ¶ 13, 32.)  Marchand

encountered conditions that he alleges to be violations of the Americans with Disabilities

Act (ADA).  (*Id.* at ¶ 32-33.)  Marchand alleges those violations deter him from

patronizing the Uptown Green Mill as frequently and freely as he otherwise would.  (*Id.*

at ¶ 39.)  He states he will return and patronize the Uptown Green Mill when he learns

that the premises have been made fully accessible.  (*Id.*)  Marchand also states that he

will return in any event because the Uptown Green Mill is located in an area that he

regularly travels, patronizing establishments like Defendant's is an important social outlet

to him, he enjoys Defendant's pizza, and he is interested in increasing accessibility for

the disabled in the Twin Cities metropolitan area.  (*Id.*)

## II.     Discussion

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction.  In evaluating a motion brought on this ground, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

By contrast, on a motion to dismiss brought pursuant to Rule 12(b)(6), "a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant."  *Wong v. Minn. Dep't. of Human Servs.*, Civ. No. 13-3378 (DWF/JSM), 2014 WL 4796464, at *3 (D. Minn. Sept. 26, 2014) (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Defendant argues the Court should dismiss the Complaint because both Plaintiffs lack standing and therefore the Court lacks jurisdiction.  Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  Defendant has presented a facial

attack to Marchand's standing, and the Court therefore "'determines only whether the

plaintiff has plausibly alleged facts suggesting standing exists, mirroring the standard

under Federal Rule of Civil Procedure 12(b)(6)' and does not 'consider matters beyond

the pleadings and resolve facts to determine standing.'" *Disability Support All. v.*

*Monali, Inc.*, No. 15-cv-1522 (MJD/TNL), 2016 WL 859442, at *8 n.9 (D. Minn. Feb.

12, 2016), *R. & R. adopted*, 2016 WL 868174 (D. Minn. Mar. 4, 2016) (quoting *Wong v.*

*Muddy Pig, Inc.*, No. 14-cv-3334 (RHK/TNL), 2015 WL 225231, at *2 (D. Minn. Jan.

16, 2015)).

### A.      Individual Standing

For standing to exist, "a litigant must have suffered, or be threatened with, an

actual injury traceable to the defendant and likely to be redressed by a favorable judicial

decision." *Id.*  Such an injury must be (1) concrete and particularized and (2) actual or

imminent, not conjectural or hypothetical. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555,

560 (1992) (quotations omitted).  As to ADA cases,

> Although plaintiffs need not engage in the "futile gesture" of visiting a building
> containing known barriers that the owner has no intention of remedying, *see* 42
> U.S.C. § 12188(a)(1), they must at least prove knowledge of the barriers and that
> they would visit the building in the imminent future but for those barriers. . . .
> Intent to return to the place of injury "some day" is insufficient.

*Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (internal citations omitted).

As courts in this district have recognized, "there is no definitive test in the Eighth

Circuit for determining whether a plaintiff intends to return to a noncompliant

accommodation." *Sawczyn v. BMO Harris Bank Nat. Ass'n*, 8 F. Supp. 3d 1108, 1112

(D. Minn. 2014).  But courts in this District have found certain factors helpful in

assessing intent to return: "(1) the plaintiff's proximity to the accommodation; (2) the

frequency of plaintiff's nearby travel; (3) the plaintiff's past patronage; and (4) the

definiteness of plaintiff's plans to return."  *Id.*; *Disability Support All. v. Billman*, No. 15-

cv-3649 (JRT/SER), 2016 WL 755620, at *5 (D. Minn. Feb. 25, 2016); *Monali*, 2016

WL 859442, at *7.[1]  These are just considerations, however; a plaintiff need not satisfy

all four factors for a court to conclude that the complaint adequately pleads intent to

return.  Indeed, in *Billman*, the court concluded that the plaintiff had standing even

though three of the four factors favored the defendant.  2016 WL 755620, at *5-6.

Defendant argues the first factor weighs against Marchand because he has not

pleaded his proximity to Defendant's place of business.  A number of courts have found

that a distance of over 100 miles "weighs against a plaintiff's likelihood of imminently

suffering an ADA violation."  *Billman*, 2016 WL 755620, at *5.  Marchand's Complaint

states only that he is a resident of Minnesota.  On the face of the Complaint, therefore, he

could be residing anywhere from Warroad to Elmore.  Although his response

memorandum states that he resides at 2523 Portland Avenue South, Minneapolis, MN

55404, just a few miles from Defendant's business  (Pls.' Mem. Opp'n Mot. Dismiss at

---

[1] Plaintiff argues that neither the Eighth Circuit nor this District has "endorsed" the four-factor analysis (Pls.' Mem. Opp'n Mot. Dismiss at 24 [Doc. No. 11]), but there is no question that other judges in this District have found that analysis useful in considering whether to dismiss complaints making similar allegations.  As Chief Judge Tunheim observed in *Billman*, "The Court recognizes that controlling authority does not require the Court to apply these factors, but they are nonetheless persuasive and the Court will review them." 2016 WL 755620, at *5.

38 [Doc. No. 11]), the Court cannot consider matters outside the pleadings. [2]

Accordingly, the Court agrees this factor weighs in favor of Defendant.

Defendant argues as to the second factor that the Complaint does not provide

sufficient detail as to Marchand's frequency of travel near Defendant's business because

the references to his trips to the "Twin Cities Metropolitan and surrounding area" are so

vague that he could be referring to a region comprising the majority of Minnesota.  The

Court is not persuaded that the "Twin Cities Metropolitan and surrounding area"

comprises the geographical majority of Minnesota, however.  Additionally, Marchand

has given several specific reasons for frequent travel in the Twin Cities metropolitan area,

including to socialize, receive medical care, and visit his children and grandchildren who

reside in the area.  The Court therefore finds this factor weighs in Marchand's favor.

Turning to the third factor, past patronage of Defendant's establishment,

Defendant points out that while the Complaint states Marchand has patronized

Defendant's business "in the past," that could refer to a single visit many years ago or,

indeed, only to the February 2016 visit during which he observed the alleged architectural

barriers to access.  The Court finds this factor does not particularly favor either party.  On

the one hand, Defendant is correct that nothing in the Complaint describes a pattern of

past patronage, or, indeed, any past patronage other than the single visit in February

2016.  On the other hand, as already noted, the Eighth Circuit has recognized that ADA

plaintiffs need not engage in futile gestures by visiting buildings that are inaccessible to

---

[2] Of course, Marchand can easily rectify this deficiency by amending his Complaint to plead his address.

them.  For the same reason that a plaintiff need not plead that he will keep trying to

patronize the business until it becomes accessible (although Marchand appears to plead

that here), it is not necessarily fatal to standing that the plaintiff does not describe

numerous attempts to patronize an allegedly inaccessible business in the past.  *See*

*Billman*, 2016 WL 755620, at \*6.

      Finally, Defendant insists Marchand's plans to visit its business in the future are

too vague.  Citing the Court's admonition in *Lujan* that a vague intention to return "some

day" is insufficient, Defendant contends the Complaint does not "provide any

information regarding how Marchand will learn that Green Mill's premises have been

altered, how long after he learns of such changes he will return, or how often he will

return."  (Def.'s Reply Supp. Mot. Dismiss at 7 [Doc. No. 14].)  In *Billman*, the court

found the plaintiff satisfied the fourth factor by alleging he would visit the allegedly

inaccessible place of business when the defendant made it accessible.  *Id.* at \*6.

Defendant questions that conclusion, arguing that if a plaintiff intends to return only after

the premises are remediated (if remediation is required), it cannot be said he has suffered

an actual or imminent injury since at the time of his return the alleged architectural

barriers will not be present.  But the argument misses the point: the injury claimed is that,

*because of the alleged barriers*, Marchand must either forgo going somewhere *he would*

*otherwise go*, or go there and encounter the risk and inconvenience imposed by the

noncompliant facilities.  Thus, if the allegations in the complaint reasonably support an

inference that, but for the risk and inconvenience occasioned by the alleged barriers,

Marchand would patronize Defendant's business, or that he intends to patronize the

business regardless but is likely to be adversely affected by the alleged barriers, actual

injury has been adequately alleged.  Conversely, if the facts as pleaded are insufficient

upon which to infer a connection between the presence or absence of the barriers and

Marchand's patronage or lack thereof, it is unlikely that under existing Eighth Circuit

precedent, the complaint would survive a motion to dismiss.  It is in connection with this

analysis that the Court finds the four factors identified in *Billman* and other cases to be

helpful.

     Here, the Complaint states Marchand will return and patronize the Uptown Green

Mill when he learns the premises have been made fully accessible.  (Compl. ¶ 39.)

Indeed, it alleges that, for several reasons, he intends to patronize Defendant's business

"in any event."  This suggests that he may not simply wait until the alleged violations are

corrected, but certainly indicates there are reasons that will prompt him to return after

that time.  Considering these allegations together with the other factors already discussed,

the Court finds the Complaint, though not robust, sufficiently alleges intent to return.

     The Court concludes Marchand has adequately pleaded standing and recommends

denying Defendant's Motion to Dismiss as to Marchand.[3]

## B.    Associational Standing

An organization has standing to bring suit on behalf of its members

> when its members would otherwise have standing to sue in their own right,
> the interests at stake are germane to the organization's purpose, and neither

---

[3]  The Court notes that Defendant "may explore the basis for [Marchand's] standing during discovery . . . and mount a factual challenge at a later stage of the proceedings." *Wong*, 2015 WL 225231 at *2 n.1; *see Sawczyn*, 8 F. Supp. 3d at 1111 ("[T]he parties may challenge jurisdiction more than once throughout the course of litigation.").

the claim asserted nor the relief requested requires the participation of
individual members in the lawsuit.

*Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013) (quoting *Friends of the*

*Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 181 (2000)).

The Court has already found that at least one member of the MDI, Marchand, has

individual standing, so MDI satisfies the first element.  Regarding the second element,

the Complaint states that MDI's purpose is "holding businesses that ignore the

requirements of the ADA accountable."  (Compl. ¶ 8.)  The Court finds this stated

purpose to be germane to Marchand's interests in removing architectural barriers and

enforcing the requirements of the ADA.  MDI has thus satisfied the second element.

Finally, the primary relief sought, the removal of alleged architectural barriers, "does not

make the individual participation of each injured party indispensable to proper resolution

of the cause." *Monali*, 2016 WL 859442, at \*7 (quoting *Red River Freethinkers v. City of*

*Fargo*, 679 F.3d 1015, 1022 (8th Cir. 2012)).  The Court thus concludes that MDI has

satisfied the third element.[4]

---

[4] As other courts have noted, even if the presence of the named individual plaintiff is
necessary, "it is not fatal to an association's claim of associational standing for a claim to
require participation by some members, and associational standing can exist even where
litigation would 'likely require that [individual members] provide discovery and trial
testimony'" *Billman*, 2016 WL 755620, at \*6 n.6 (citing *Hosp. Council of W. Pa. v. City
of Pittsburgh*, 949 F.2d 83, 89 (3d Cir. 1991) and quoting *Retired Chi. Police Ass'n v.
City of Chicago*, 7 F.3d 584, 601-02 (7th Cir. 1993)).

## III.    Recommendation

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [Doc. No. 5] be

**DENIED**.


Dated: June 27, 2016                              s/ *Hildy Bowbeer*
                                                  HILDY BOWBEER
                                                  United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.